## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 12 CV 128 GKF-PJC |
| | ) |
| OCWEN LOAN SERVICING, LLC, | ) |
| | ) |
| Defendant. | ) |

### DEFEENDANT OCWEN LOAN SERVICING, LLC'S ANSWER

Defendant, Ocwen Loan Servicing, LLC, ("Ocwen") for its Answer to Plaintiff's Complaint, alleges and states as follows:

1. Defendant denies each and every allegation within Plaintiff's Complaint which is not admitted hereafter.

### INTRODUCTION

2. Defendant states that paragraph 1 does not require a response.

### JURISDICTION AND VENUE

3. Defendant admits that this Court has jurisdiction over the subject matter hereof.

4. With respect to paragraph 3, Defendant denies that it does business in Oklahoma, but admits that this Court has jurisdiction over the subject matter hereof.

5. With respect to paragraph 4, Defendant admits that venue is proper.

### PARTIES

6. With respect to paragraph 5, Defendant is without sufficient information to form a belief as to the truth of the allegations in paragraph 5 of Plaintiff's Complaint.

7. With respect to paragraph 6, Defendant denies.

8. With respect to paragraph 7, Defendant denies.

9. With respect to paragraph 8, Defendant denies it is "a collections business" but admits that it is headquartered in West Palm Beach, Florida.

10. With respect to paragraph 9, Defendant admits that it acted through its employees in relation to the facts at issue herein, but denies the remaining allegations.

## FACTUAL ALLEGATIONS

11. With respect to paragraph 10, Defendant admits.

12. With respect to paragraph 11, Defendant is without sufficient information to form a belief as to the truth of the allegations regarding plaintiff's actions with respect to his credit report. Exhibit A is a document which speaks for itself.  Defendant notes that the credit report reflects that Ocwen last reported on this obligation in December 2007.

13. With respect to paragraph 12, Defendant denies and further states the letter referenced by Plaintiff was sent to Plaintiff via fax at Plaintiff's wife's request.   The letter is a copy of the notice of transfer of servicing rights letter sent to the Plaintiff originally on or about November 1, 2006.  *See* Exhibit A.

14. With respect to paragraph 13, Defendant admits that it sent a copy of a servicing welcome letter to Plaintiff at Plaintiff's wife's request via fax that was originally sent to Plaintiff in November 2006.  Due to the age of this letter and the time passed since the service transfer, Ocwen no longer had an original copy of the Welcome Letter and thus had to re-produce it from its system in order to provide it— the reproduction ran the letter with a current date due to an auto-date feature imbedded in the document. Defendant denies that it was a "communication" as defined within the FDCPA.

6625/SB

15. With respect to paragraph 14, Defendant admits that the letter contains the references alleged by Plaintiff, but denies that this letter was a communication attempting to collect a debt as this communication was originally sent in November 2006 and the copy sent in February 2012 was only a reproduction of the original letter sent at Plaintiff's request.

16. With respect to paragraph 15, Defendant denies that these letters constitute a communication as defined FDCPA, but admits that the language excerpted by Plaintiff is on both documents.

## COUNT 1

17. Defendant denies paragraph 16 and all of its subsections.

18. Defendant denies that there is a basis in law or equity for the relief Plaintiff requests in his Complaint, and accordingly, denies that that Plaintiff is entitled to any of the relief sought in his Complaint.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Plaintiff has waived the claims set forth within the Complaint.

3. Plaintiff is estopped from asserting the claims set forth within the Complaint.

4. Defendant reserves the right to amend this Answer as a result of any discovery conducted.

5. Defendant reserves the right to add counterclaims or cross-claims that may arise as a result of any discovery conducted.

6625/SB

**COUNTER-CLAIM**

1. On or about November 1, 2006, Defendant took over servicing Plaintiff's mortgage loan with respect to 11705 East 132nd South, Broken Arrow, OK 74011 (the "Loan") from Quicken Loans.

2. On or about December 18, 2007, the Loan then service transferred to Avelo Mortgage. Ocwen terminated its involvement for servicing of the loan on that date.

3. On or about February 1, 2012, Puren Williams, wife of Plaintiff, called into Ocwen Loan Servicing's customer service line and requested information regarding the servicing history and credit reporting history of the Loan.

4. During this call, Puren Williams requested that Ocwen fax her copies of the Notice of Assignment, Sale or Transfer of Servicing Rights Letter, *see* Exhibit A, and Welcome Letter, Plaintiff's Exhibit B, via facsimile.

5. Ocwen sent copies of these letters on or about February 2, 2012 via facsimile per Puren Williams' request.

6. Due to the age of these letters and the time passed since the service transfer, Ocwen no longer had an original copy of the Welcome Letter and thus had to re-produce it from its system in order to provide it— the reproduction ran the letter with a current date due to an imbedded date feature in the letter. Thus, the reason the letter was dated February 2, 2012, instead of November 1, 2006.

7. Plaintiff is now using Ocwen's response to Plaintiff's request for documents to bring this FDCPA claim.

8. Plaintiff has no good faith basis to bring this FDCPA claim as the letters sent to the Plaintiff were in response to his wife's explicit request. In addition, these letters do not

constitute attempts to collect a debt under the FDCPA, as Ocwen did not own the loan and had no involvement with servicing or attempting to collect the loan at the time the letters were sent on February 2, 2012, in response to Plaintiff's request.

9. This lawsuit is an abuse of process as the Plaintiff is improperly using the court's process, primarily for an ulterior or improper motive, and this has resulted in damage to Defendant.

WHEREFORE, having fully answered, Defendant, Ocwen Loan Servicing, LLC, requests that the relief requested by Plaintiff in the Complaint be denied, that Ocwen be awarded its damages in response to its counter-claim, and that Defendant be granted such other relief as the Court deems just and equitable.

**KIVELL, RAYMENT AND FRANCIS, P.C.**
**A Professional Corporation**

*s/ Brian J. Rayment*
Brian J. Rayment, OBA #7441
Triad Center, Suite 240
7666 East 61st Street
Tulsa, Oklahoma 74133
Phone: (918) 254-0626
Facsimile: (918) 307-9132

**ATTORNEYS FOR OCWEN LOAN SERVICING, LLC**

6625/SB

## CERTIFICATE OF MAILING

I do hereby certify that on the 6th day of April, 2012, I served a true and correct copy of the above Answer and Counterclaim electronically to:

Victor R. Wandres
victor@paramount-law.net

"Service accomplished by the Court's CM/ECF System"

*/s/ Brian J. Rayment*

By: _____
Brian J. Rayment, OBA #7441

6625/SB