**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

MICHAEL WILLIAMS, )
 )
        Plaintiff, )
 )
v. )
 )
OCWEN LOAN SERVICING, LLC, )   Case No. 12-CV-128-GKF-PJC
 )
        Defendant. )

## OPINION AND ORDER

Before the court is the Motion to Dismiss Defendant's Counterclaims [Dkt. #12] filed by plaintiff Michael Williams ("Williams").

Williams sued Ocwen Loan Servicing, LLC ("Ocwen") for alleged violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"). In his Complaint, Williams alleged that on February 2, 2012, Ocwen sent him two written "communications" (within the definition of the FDCPA) that violated the FDCPA. [Dkt. #2, Complaint, ¶¶12-16; Dkt. #5, Exs. A and B]. In its Answer, Ocwen admits that on February 2, 2012, it faxed copies of documents originally dated November 1, 2006, to plaintiff's wife, at her request, and denies the faxes were "communications" as defined by the FDCPA. [Dkt. #8, ¶¶13-14]. In its counterclaim, Ocwen alleges:

- On or about November 1, 2006, it took over servicing plaintiff's home mortgage loan from Quicken Loans. [Dkt. #8, Counterclaim, ¶1];

- On or about December 18, 2007, the servicing of the loan was transferred to Avelo Mortgage and Ocwen terminated its involvement in servicing the loan on that date. [*Id.,* ¶2];

- On or about February 1, 2012, Puren Williams, plaintiff's wife, called Ocwen Loan Servicing's customer service line, requested information regarding the servicing history and credit reporting history of the loan and asked that Ocwen fax her copies of the Notice of Assignment, Sale or Transfer of Servicing Rights Letter and Welcome Letter (Exs. A and B to the Complaint). [*Id.,* ¶¶3-4];

- Ocwen sent copies of these letters on or about February 2, 2012 via facsimile per Puren Williams' request. [*Id.,* ¶5];

- Due to the age of the letters and the time passed since the service transfer, Ocwen no longer had an original copy of the Welcome Letter and thus had to reproduce it from its system in order to provide it; the reproduction ran the letter with a current date due to an imbedded date feature in the letter; as a result, the letter was dated February 2, 2012, instead of November 1, 2006. [*Id.,* ¶6];

- Plaintiff is now using Ocwen's response to plaintiff's request for documents to assert an FDCPA claim. [*Id.,* ¶7];

- Plaintiff had no good faith basis to bring the FDCPA claim because the letters sent to plaintiff were in response to his wife's explicit request; further, the letters do no constitute attempts to collect a debt under the FDCPA, as Ocwen did not own the loan and had no involvement with servicing or attempting to collect the loan at the time the letters were sent on February 2, 2012, in response to plaintiff's request. [*Id.,* ¶8]; and

- Plaintiff's lawsuit is an abuse of process "as the [p]laintiff is improperly using the court's process, primarily for an ulterior or improper motive, and this has resulted in damage to [d]efendant." [*Id.,* ¶9].

Plaintiff contends the counterclaim fails to state a claim upon which relief can be granted.

**Applicable Standard**

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The United States Supreme Court clarified this standard in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), ruling that to withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (internal quotations omitted). On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* Under the *Twombly* standard, "the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008), quoting *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original). "The burden is on the plaintiff to frame a complaint with enough factual matter (taken as true) to suggest that he or she is entitled to relief." *Robbins*, 519 F.3d at 1247, citing *Twombly*, 127 S.Ct. at 1965 (internal quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*.

## Analysis

Characterizing Ocwen's counterclaim as one for "bad faith," Williams argues that such a claim is cognizable only under either Fed.R.Civ.P. 11 or the attorney fee provision of the FDCPA, 28 U.S.C. § 1692k(a)(3).[1] However, the counterclaim clearly states:

> This lawsuit is an abuse of process as the Plaintiff is improperly using the court's process, primarily for an ulterior or improper motive, and this has resulted in damage to Defendant.

[Dkt. #8, Counterclaim, ¶9]. Thus, the issue before the court is whether the allegations of the counterclaim state a claim for abuse of process.

The Oklahoma Supreme Court has described the tort of abuse of process as follows:

> The quintessence of *abuse of process* is not the wrongfulness of the prosecution, but some extortionate perversion of lawfully initiated process to illegitimate ends. The tort's elements are (1) the improper use of the court's process (2) *primarily* for an ulterior or improper purpose (3) with resulting damage to the plaintiff asserting the misuse. Although a plaintiff in a predicate action may have been motivated by bad intention, there is no abuse if the court's process is used legitimately to its *authorized* conclusion. The party who asserts the abuse-of-process claim is *not required* to prove (1) the underlying action was brought *without probable cause* or (2) that he/she prevailed in that proceeding. Neither is it necessary that the action, in which the abuse is alleged to have occurred, be concluded.

*Greenberg v. Wolfberg,* 890 P.2d 895, 905 (Okla. 1995) (quotations and citations omitted) (emphasis in original). In *Greenberg*, the court explained:

> The abuse-of-process delict had its genesis in the case of *Grainger v. Hill,* 132 Eng.Rep. 769 (1828). *Grainger*. . . holds that:
>
>> "[The Plaintiff's] complaint being that the process of the law has been abused, to effect an object not within the scope of the process, it is *immaterial whether the suit which that process commenced*

---

[1] 15 U.S.C. § 1692k(a)(3) provides, in pertinent part:

On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

> *has been determined*, or not, or whether or not it was founded on reasonable and probable cause." *Id.* at 773 [Emphasis supplied.]

*Id.,* n. 50.

As detailed above, Ocwen has alleged it faxed the documents plaintiff claims violated the FDCPA to plaintiff's wife at her request; that the documents did not constitute efforts to collect a debt under the Act; that plaintiff is now using the letters as a basis to bring an action under the FDCPA; that plaintiff had no good faith basis to bring the action; that plaintiff has improperly used the court's process primarily for an ulterior or improper motive; and that this has resulted in damage to Ocwen.

The court concludes Ocwen's counterclaim alleges facts which, if true, state a plausible claim for abuse of process.

## Conclusion

For the reasons set forth above, plaintiff's Motion to Dismiss [Dkt. #12] is denied.

ENTERED this 26th day of October, 2012.

*[signature]*
GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

5